Commonwealth to use of The Delaware County Trust, Safe Deposit & Title Ins. Co., Guardian of William S. McNair et al., Minors, *v.* Daniel Degitz et al., Appellants.

*Principal and surety—Administrator's bond—Laches—Affidavit of defense.*

In an action by a guardian against the sureties on an administrator's bond to recover money ordered by the orphans' court to be paid over to the guardian, an affidavit of defense is insufficient which avers that the " decree was had in favor of the wards of the plaintiff on June 9, 1892, and distribution of the fund in the hands of the administrator was duly ordered, but that deponent was informed neither by the administrator, nor any one in behalf of the minors that said fund had not been paid over to their representatives until the twenty-fifth day of April, 1894, when he received a note from plaintiff's counsel, calling his attention to the same; that said administrator was solvent and able to have paid the amount found to have been in his hands for nearly two years afterwards, but that no steps were taken on behalf of the representatives of the minors to compel payment; that, had the distributees used ordinary diligence, or had they called the attention of the deponent to the default of the administrator within a reasonable time after said award, the claim in suit would have been recovered from said administrator."

Argued March 27, 1895. Appeal, No. 145, Jan. T., 1895, by defendants, from order of C. P. No. 1, Phila. Co., Sept. T., 1894, No. 315, making absolute a rule for judgment for want of a sufficient affidavit of defense. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Assumpsit against sureties on an administrator's bond.

Plaintiff averred in its statement that on April 13, 1891, William Everham was appointed administrator of the estate of Samuel Everham, deceased, and that defendants became sureties on his bond; that on June 6, 1892, a decree of distribution was made by the orphans' court under which plaintiff's wards were each entitled to $214.45; that on April 24, 1894, on petition of plaintiff an order was made by the orphans' court directing William Everham, administrator, to pay to plaintiff, as guardian, the sums to which its wards were entitled; that William Everham neglected and refused to obey said order; that on

August 8, 1894, execution was issued against Everham which was returned nulla bona; that defendants although requested have refused to pay the sums due by them as sureties on the administrator's bond.

Defendants filed an affidavit of defense in which they averred as follows:

" That while it is true that the orphans' court awarded to plaintiff as guardian the sum of money set forth in the statement filed, the said plaintiff failed to file a certificate of appointment as such guardian, though required to do so by the practice of said court, until the 3d of October, A. D. 1894, which was several days after the writ in this case issued. The deponent is advised, and, therefore, suggests to the court that this action was brought prematurely.

" The said deponent further says that the decree was had in favor of the wards of the plaintiff on June 9, 1892, and distribution of the fund in the hands of the administrator was duly ordered, but that deponent was informed neither by the administrator, nor any one in behalf of the minors, that said fund had not been paid over to their representatives until the twenty-fifth day of April, 1894, when he received a note from plaintiff's counsel, calling his attention to the same.

" That said administrator was solvent and able to have paid the amount found to have been in his hands for nearly two years afterwards, but that no steps were taken on behalf of the representatives of the minors to compel payment. That, had the distributees used ordinary diligence, or had they called the attention of the deponent to the default of the administrator within a reasonable time after said award, the claim in suit would have been recovered from said administrator."

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was above order.

*Adolph Meyer*, for appellant.—Where the creditor neglects for several years to bring suit against the principal, or give notice to the surety, during which time the principal becomes insolvent, the surety will be discharged: Gordon v. McCarty, 3 Wharton, 406; Ramsey v. The Bank, 2 P. & W. 203,

Fegley v. McDonald, 89 Pa. 128; Buffington v. Bernard, 90 Pa. 63.

Where by any act of commission or omission of the creditor the surety is prevented from securing himself by paying the claim and proceeding against the principal, the surety will be discharged: Sawyers v. Hicks, 6 Watts, 76; Boschert v. Brown, 72 Pa. 372; Clow to use v. Derby Canal Co., 98 Pa. 432; Wharton v. Duncan, 83 Pa. 40; Buffington v. Bernard, 90 Pa. 63; Ferguson v. Yard, 35 W. N. C. 429.

*George E. Johnson*, for appellee, was not heard, but argued in his printed brief: Mere forbearance, however prejudicial to a surety, will not discharge him. It is the business of the surety to judge of the danger of delay, and to quicken the creditor by notice: Richards v. Com., 40 Pa. 146; R. R. v. Schaeffer, 59 Pa. 350.

PER CURIAM, April 8, 1895:

The only question in this case is whether the learned court erred in entering judgment against defendants for want of a sufficient affidavit of defense. An examination of the statement of claim in connection with the defendants' affidavit of defense has satisfied us that the judgment was rightly entered.

Judgment affirmed.